IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEIATRIA L. ADKINS,<br><br>               Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br><br>               Defendant. | **ORDER**<br><br><br>2:14-cv-00488-EJF<br><br><br>Magistrate Judge Evelyn J. Furse |

Ms. Adkins seeks review of denial of her disability insurance benefits and supplemental security income benefits claims under Titles II and XVI of the Social Security Act. She alleges a disability onset date of February 2, 2012. The ALJ found Ms. Adkins not disabled at step four because he found she could perform past relevant work.

The Court remands the decision to the ALJ for further findings. The Residual Functional Capacity (RFC) finding lacks sufficient detail to allow the Court to determine whether substantial evidence in the record supports the finding.

A claimant's RFC reflects the ability to do physical, mental, and other work activities on a sustained basis despite limitations from the claimant's impairments. See 20 C.F.R. §§ 404.1545, 416.945. The step-four analysis involves three phases:

> In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental

> and/or physical limitations found in phase one.  At each of these phases, the
> ALJ must make specific findings.

*Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (citation omitted).  In determining the

claimant's RFC, the decision maker considers all of the claimant's medically determinable

impairments, including those considered not "severe."  *See* 20 C.F.R. §§ 404.1545(a)(2),

416.945(a)(2).  The ALJ must conduct the RFC assessment on a function-by-function basis and

include both exertional and nonexertional limitations for both severe and nonsevere impairments.

SSR 96-8p, 1996 WL 374184, *5 (July 2, 1996).  The RFC analysis must include a resolution of

any conflicts in the evidence.  SSR 96-8p, *7.

Ms. Adkins asserts the ALJ erred in failing to explain adequately the weight he gave to

the different medical opinions.  The ALJ gave the most weight to the agency physicians, but both

of the agency physicians found that the Ms. Adkins could only perform sedentary work and

imposed a variety of restrictions on her more severe than those imposed by the ALJ.  No opinion

in the record states that Ms. Adkins can perform light work.  The ALJ does not explain why he

determined Ms. Adkins can perform light work, when the medical opinions he gave the most

weight to found she could only perform sedentary work.

If Ms. Adkins could only perform sedentary work, that would make her past relevant

work of being a bartender unavailable because it is a light work job, and that would require then

the ALJ to proceed to step five, which did not happen.

How Ms. Adkins's activities of daily living or the documentation from her doctor and her

own reports would sustain that higher level of performance above what the agency physicians

give remains unclear.  The Court cannot substitute its reasoning where the ALJ does not provide reasoning, and the reasons may vary.  Without the ALJ's explanation of his decision, the Court cannot determine whether substantial evidence supported his RFC finding.  For that reason the Court remands the case.

The Court further notes that some of the activities the ALJ relied on in making his determinations occurred prior to the alleged disability onset date.    The alleged disability onset date coincided with an injury Ms. Adkins testified she had.  Thus, evidence from prior to the accident likely has less significance to what the claimant's abilities were after that injury date. Furthermore, the record contains reference to imaging done in April of 2013 (tr. 441), and the transcript of the hearing (tr. 33-34) identifies additional imaging records Ms. Adkins was going to provide to the ALJ.  The Court notes these matters for the benefit of the parties on remand.

DATED this 25th day of September, 2015.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge

-3-